IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2212-BR-JG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARKIS REVLAND, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court, in part, on respondent's motion *in limine* (D.E. 96) to exclude respondent's statements made while participating in the Sexual Abuse Treatment Program ("SOTP") at the Federal Correctional Institution-Butner ("Butner") or to his treating psychotherapists, and to exclude expert evidence relying on these statements. Also before the court is respondent's related motion *in limine* (D.E. 97) to exclude the testimony of M. Lela Demby, Ph.D, a psychologist who treated respondent at Butner from on or about 25 July 2005 until on or about 19 October 2006. In support of both motions, respondent contends that his statements are protected by the federal common law psychotherapist-patient privilege, recognized by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Respondent further contends in one of the motions (D.E. 96) that disclosure of the statements violates the Privacy Act, 5 U.S.C. § 552a. The government has responded in opposition to both motions (D.E. 102). The court will address each ground–federal common law privilege and Privacy Act–in turn.

The court finds that respondent has waived any privilege he may have had with respect to these statements because he disclosed the information without objection to court-appointed examiners, namely, Joseph Plaud, Ph.D., and Jeffrey Singer, Ph.D. Dr. Plaud and Dr. Singer had

each been appointed by the court on respondent's motion as additional mental health examiners selected by respondent, pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). (*See* D.E. 64, 65, 81, 84). In his report, Dr. Plaud indicates he reviewed in detail "a significant number of disclosures made by Mr. Revland of contact-based sexual offenses made by Mr. Revland while participating in the sexual offender treatment program in 2005-2006 at FCI Butner." (Plaud Rept. (D.E. 68) 2). In Dr. Singer's report, he indicates he reviewed a psychosexual evaluation completed by Dr. Demby on 6 January 2006. (Singer Rept. (D.E. 86) 3). By disclosing this information to Drs. Plaud and Singer, respondent could not reasonably expect that it would thereafter remain confidential. Because such waiver is fatal to the privilege ground for respondent's motion, the court declines to address the remaining contentions of the parties regarding privilege, including the extent to which, if any, the psychotherapist-patient privilege applied prior to the disclosure to Drs. Plaud and Singer.

Respondent's contention that the government's disclosure of this information violates the Privacy Act is also unfounded. The government's inclusion of this information in its initial disclosures was required by paragraph 4(a)(ii) of Standing Order 10-SO-01. Therefore, the disclosure was permissible under the exception allowing disclosure pursuant to a court order, 5 U.S.C. § 552a(b)(11). Because respondent provided this information to Drs. Plaud and Singer, he cannot now contend that the Privacy Act requires the information to be excluded from the commitment hearing. The Privacy Act is not a rule of evidence, but rather provides a right of action for an individual to seek damages and other remedies for violations of its provisions. *See* 5 U.S.C. § 552a(g). Accordingly, respondent's argument for exclusion on the basis of the Privacy Act is without merit.

For the foregoing reasons, IT IS ORDERED that the defendant's motions *in limine* (D.E. 96,

97) are DENIED WITHOUT PREJUDICE. This ruling, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 30th day of November 2011.

James E. Gates
United States Magistrate Judge