IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-HC-2212-BR-JG

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARKIS REVLAND, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on the government's motion *in limine* (D.E. 99) to exclude the testimony of a proposed witness for respondent, Rhonda Nelson. She is listed in the final pre-trial order as respondent's mother, and the subject of her proposed testimony is respondent's relationship with his son's mother. (Final Pre-trial Order (D.E. 100) 18). The government contends that this proposed testimony should be excluded because it is not relevant.[1]

But at least one of the psychologists whom the government has identified as one of its expert witnesses at the commitment hearing, Jeffrey Davis, Ph.D., has considered information relating to the mother of respondent's son. (Davis Rept. (D.E. 61-1) 14 (Bates # 2884) (referring to respondent's relationship with his son's mother, including a no-contact order, termination of parental rights, and allegations that respondent had molested her daughter from a previous relationship)). Indeed, the government intends to rely, at least in part, upon evidence that respondent sexually abused his son's mother's daughter from a previous relationship. (*See* Final Pre-trial Order 4-5). This molestation was purportedly confirmed by the State of Iowa Department of Human Services, but respondent was not prosecuted for any contact offense arising from these allegations. (*Id.*). The

---

[1] The court is ruling on the motion in the absence of any response by respondent given the clear inadequacy of the motion and the lack of any prejudice to respondent from the court's ruling on it.

court therefore cannot conclude, as the government urges, that the testimony of Rhonda Nelson will necessarily be irrelevant. Its motion is accordingly DENIED.

This disposition, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 30th day of November 2011.

James E. Gates
United States Magistrate Judge

2

Case 5:06-hc-02212-BR-JG Document 104 Filed 11/30/11 Page 2 of 2